UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
..............................................................

INJAH TAFARI,

                     Plaintiff,

    - v -                                   9:07-CV-654

K. McCARTHY; et al,

                     Defendants.
..............................................................

APPEARANCES:                            OF COUNSEL:

INJAH TAFARI
89-A-4807
Upstate Correctional Facility
PO Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO            ROGER W. KINSEY, ESQ.
Office of Attorney General               Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Plaintiff, Injah Tafari, brought this civil rights action in June 2007, pursuant to 42 U.S.C. § 1983. By Report-Recommendation dated March 31, 2010, the Honorable George H. Lowe, United States Magistrate Judge, recommended that defendants' motion for summary judgment (Dkt. No. 75) be granted in part and denied in part. The following claims should be dismissed:

(1) the Eighth Amendment excessive force claim against defendant Jewett;

(2) the failure-to intervene claims against defendants McCarthy, Matthews, and Deleo;

(3) the due process claim against defendants Farrell and T.J. Brown regarding the destruction of personal property;

(4) the access-to-courts claim against defendants McCarthy and Torres;

(5) the free speech claim against defendants McCarthy and Torres;

(6) the excessive force claim against defendant Farrell regarding the tobacco-spitting incident;

(7) the claim that defendants Eagen, Miller, K. Lucas, and T. Lucas wrongfully restricted plaintiff's ability to file grievances;

(8) the Eighth Amendment medical care claim against defendants Sisilli and Riester;

(9) the Eighth Amendment conditions of confinement claim against defendants Miller, W. Brown, and Healy regarding recreation periods;

(10) the retaliation claim against defendants Miller, W. Brown, and Healy regarding recreation periods;

(11) the First Amendment claim against defendant Miller regarding Kosher meals;

(12) the claim that defendants DiCairano and Leghorn violated plaintiff's constitutional rights by using racial epithets:

(13) the Eighth Amendment excessive force claim against defendant Leghorn;

(14) the Eighth Amendment medical care claims against defendants W. Brown, Gusman, and Inaganti regarding plaintiff's shoulder surgery;

(15) the Eighth Amendment medical care claim against defendant Gusman regarding plaintiff's vision issues;

(16) the claims regarding constant cell illumination and ventilation in the SHU;

(17) any claim against defendant Healy for conducting a disciplinary hearing on October 28, 2005;

(18) all claims against defendant Selsky; and

(19) plaintiff's pendent state law claims.

The Report-recommendation further recommended that defendants' motion should be denied as to the following claims which should proceed to trial:

(1) the Eighth Amendment excessive force claim against defendants Sisilli and Riester;

(2) the Eighth Amendment excessive force claim against defendant T.J. Brown;

(3) the Eighth Amendment excessive force claim against defendant Occhipinti;

(4) the failure to intervene claim against defendant DiCairano; and

(5) the procedural due process claim against defendant Healy regarding the hearing on the November 15, misbehavior report.

Further recommendations were that the following claims should survive sua sponte review and also proceed to trial:

(I) the retaliation claim against defendant T.J. Brown; and

(2) the retaliation claim against defendants Occhipinti and DiCairano.

The Report-Recommendation further recommended that the following claims be sua sponte dismissed:

(1) the supervisory liability claims against defendant Miller regarding the urine-and-feces throwing incident and the mail tampering incident;

(2) the failure-to-investigate claims against defendant Griffin regarding the urine-and-feces throwing incident and the mail tampering incident;

(3) the retaliation claim against defendants McCarthy and Torres regarding the mail tampering incident;

(4) the Eighth Amendment medical care claim against defendant Farrell regarding the tobacco spitting incident;

(5) the claim that defendants K. Lucas, W. Brown, and Eagen failed to properly process plaintiff's grievances regarding the denial of Kosher meals;

(6) the retaliation and due process claims against defendants Gusman, Griffin, Healy, Sisilli, and Riester regarding the March 1, March 2, June 27, October 11, October 12, and October 16, misbehavior reports and the disciplinary hearings that followed them;

(7) the retaliation claim against defendant Occhipinti regarding the October 15, misbehavior report; and

(8) the retaliation claims against defendants Griffin and Healy based upon their conduct during disciplinary hearings.

The plaintiff has filed objections to the Report-Recommendation.

Based upon a de novo review of the lengthy Report-Recommendation and the entire file, including those portions to which the plaintiff has objected, the Report-Recommendation is accepted and adopted in all respects.  See 28 U.S.C. 636(b)(1).

Accordingly, it is

ORDERED that

1. Defendants' motion for summary judgment (Dkt. No. 75) is GRANTED in part and DENIED in part as follows:

2. The following claims are DISMISSED:

(a) the Eighth Amendment excessive force claim against defendant Jewett;

(b) the failure-to intervene claims against defendants McCarthy, Matthews, and Deleo;

(c) the due process claim against defendants Farrell and T.J. Brown regarding the destruction of personal property;

(d) the access-to-courts claim against defendants McCarthy and Torres;

(e) the free speech claim against defendants McCarthy and Torres;

(f) the excessive force claim against defendant Farrell regarding the tobacco-spitting incident;

(g) the claim that defendants Eagen, Miller, K. Lucas, and T. Lucas wrongfully restricted plaintiff's ability to file grievances;

(h) the Eighth Amendment medical care claim against defendants Sisilli and Riester;

(i) the Eighth Amendment conditions of confinement claim against defendants Miller, W. Brown, and Healy regarding recreation periods;

(j) the retaliation claim against defendants Miller, W. Brown, and Healy regarding recreation periods;

(k) the First Amendment claim against defendant Miller regarding Kosher meals;

(l) the claim that defendants DiCairano and Leghorn violated plaintiff's constitutional rights by using racial epithets:

(m) the Eighth Amendment excessive force claim against defendant Leghorn;

(n) the Eighth Amendment medical care claims against defendants W. Brown, Gusman, and Inaganti regarding plaintiff's shoulder surgery;

(o) the Eighth Amendment medical care claim against defendant Gusman regarding plaintiff's vision issues;

(p) the claims regarding constant cell illumination and ventilation in the SHU;

(q) any claim against defendant Healy for conducting a disciplinary hearing on October 28, 2005;

(r) all claims against defendant Selsky; and

(s) plaintiff's pendent state law claims.

3. Defendants' motion is DENIED as to the following claims which will proceed to trial:

(a) the Eighth Amendment excessive force claim against defendants Sisilli and Riester;

(b) the Eighth Amendment excessive force claim against defendant T.J. Brown;

(c) the Eighth Amendment excessive force claim against defendant Occhipinti;

(d) the failure to intervene claim against defendant DiCairano; and

(e) the procedural due process claim against defendant Healy regarding the hearing on the November 15, misbehavior report.

4.  The following claims survive sua sponte review and will also proceed to trial:

(a) the retaliation claim against defendant T.J. Brown; and

(b) the retaliation claim against defendants Occhipinti and DiCairano.

5.  The following claims are sua sponte DISMISSED:

(a) the supervisory liability claims against defendant Miller regarding the urine-and-feces throwing incident and the mail tampering incident;

(b) the failure-to-investigate claims against defendant Griffin regarding the urine-and-feces throwing incident and the mail tampering incident;

(c) the retaliation claim against defendants McCarthy and Torres regarding the mail tampering incident;

(d) the Eighth Amendment medical care claim against defendant Farrell regarding the tobacco spitting incident;

(e) the claim that defendants K. Lucas, W. Brown, and Eagen failed to properly process plaintiff's grievances regarding the denial of Kosher meals;

(f) the retaliation and due process claims against defendants Gusman, Griffin, Healy, Sisilli, and Riester regarding the March 1, March 2, June 27, October 11, October 12, and October 16, misbehavior reports and the disciplinary hearings that followed them;

(g) the retaliation claim against defendant Occhipinti regarding the October 15, misbehavior report; and

(h) the retaliation claims against defendants Griffin and Healy based upon their conduct during disciplinary hearings.

      6.  The Clerk is directed to return the file to the Magistrate Judge for further pretrial proceedings.

      IT IS SO ORDERED.

Dated:  May 24, 2010
        Utica, New York.

_____
United States District Judge